```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

BIRENDAR GUPTA,                      )
        Plaintiff,                   )
                                     )
        v.                           )    C.A. No. 12-11370-WGY
                                     )
CITY OF CAMBRIDGE, et al,            )
        Defendants.                  )
```

                                ORDER

1. The motion (#14) for leave to proceed <u>in forma pauperis</u> is granted.

2. Plaintiff is assessed an initial, partial filing fee of $19.63 with the balance of $330.37 to be paid in accordance with 28 U.S.C. § 1915(b)(2).

3. The Clerk shall issue summonses for service of the complaint on the City of Cambridge, the Middlesex County Sheriff, and Deputy Sheriff John Smith.

4. The motion (#2) to appoint special process server is allowed.  The Clerk shall send the summonses, complaint, and this Order to the plaintiff, who must thereafter serve the defendant(s) in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons(es), amended complaint, and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

5. No summons shall issue with respect to the John Doe defendant.  If and/or when plaintiff discovers the identity of the Doe defendant, he may file an Amended Complaint substituting the Doe defendant's true name and he may request the issuance of a summons at that time.

6. The civil rights claim against defendant Deck Brewer, a Massachusetts inmate, is subject to dismissal pursuant to 28 U.S.C. 1915(e)(2) for failure to state a claim upon which relief may be granted. In order to state a

       claim under 42 U.S.C. § 1983, the plaintiff "must show that the alleged deprivation of [his] constitutional rights was committed by a person acting under color of state law." <u>Rodrigues v. Furtado</u>, 950 F.2d 805, 813 (1st Cir. 1991); see <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 998 (1st Cir. 1992). Here, defendant Brewer is a private individual and is not alleged to have been acting under color of state law. If plaintiff wishes to pursue the claim against defendant Brewer, he must, within forty-two (42) days of the date of this Memorandum and Order, show good cause why the claim against defendant Brewer should not be dismissed or file an amended complaint.

7. The motion (#4) for appointment of counsel is denied without prejudice to renewal after defendants have replied to the complaint.

SO ORDERED.

 January 29, 2013                /s/ William G. Young
DATE                                WILLIAM G. YOUNG
                                    UNITED STATES DISTRICT JUDGE